# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| RENATO V. BORDERS, | : |
| | : |
| Petitioner | : |
| v. | :   CASE NO. 4:96-cr-65-CDL-MSH |
| | : |
| UNITED STATES OF AMERICA, | : |
| | : |
| Respondent. | : |

_____

## REPORT AND RECOMMENDATION

Petitioner filed his second Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 150) on September 16, 2013.  This motion is now before the Court for preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  For the reasons explained below, Petitioner's motion should be dismissed for lack of jurisdiction.

## BACKGROUND

On March 7, 1997, a jury found Petitioner guilty of conspiracy to possess with intent to distribute cocaine base, possession with intent to distribute cocaine base, use of a firearm during a drug offense, and possession of a firearm by a convicted felon.  (ECF No. 30.)  He was sentenced to 240 months imprisonment and ten years supervised release on July 31, 1997 (ECF No. 45), and judgment was entered against him on August 11, 1997 (ECF No. 46).  Petitioner appealed his convictions to the Eleventh Circuit, which affirmed the judgment against him on June 10, 1998.  (ECF No. 58.)

Petitioner thereafter filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on June 28, 2001. (ECF No. 83.) On July 9, 2001, it was recommended that Petitioner's motion to vacate be dismissed as untimely or, alternatively, on the merits of Petitioner's claim. (ECF No. 85.) The magistrate judge amended his recommendation on July 27, 2001, and the district court adopted the recommendation and dismissed Petitioner's motion to vacate as untimely on August 21, 2001. (ECF No. 89.) Petitioner's motion for a certificate of appealability was denied by the district court and the Eleventh Circuit. (ECF Nos. 93, 97.)

Petitioner then moved to reduce his sentence under 18 U.S.C. § 3582, which was denied on October 15, 2008. (ECF No. 116.) Petitioner again moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582 after the Fair Sentencing Act of 2010 was enacted. (ECF No. 142.) The Court denied Petitioner's second 18 U.S.C. § 3582 motion on April 2, 2012. (ECF No. 144.) Petitioner subsequently moved this Court for leave to file a motion to vacate pursuant to 28 U.S.C. § 2255. (ECF No. 150.) This motion was denied on July 10, 2012, in a text-only order in which the Court explained that "Petitioner must obtain permission of the Eleventh Circuit to file a successive § 2255 petition." Instead of seeking such leave as directed, Petitioner filed the current motion to vacate on September 16, 2013. (ECF No. 157.)

## DISCUSSION

I.   **Lack of Jurisdiction**

Title 28, United States Code section 2255(h) provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the

appropriate court of appeals to contain" newly discovered evidence or a new rule of constitutional law that has been retroactively applied to cases on collateral review. "Without [this] authorization, the district court lacks jurisdiction to consider a second or successive petition." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). Petitioner's first motion to vacate was dismissed as untimely, which "constituted a dismissal with prejudice[.]" *Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010). Petitioner has not sought permission from the Eleventh Circuit to file a second or successive petition. Consequently, this Court does not have jurisdiction to consider his motion to vacate pursuant to § 2255.

## II.     Certificate of Appealability

Rule 11(a) of Rules Governing Section 2255 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Title 28, United States Code, Section 2253(c) provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from —
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of a process issued by a State court: or
>    (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under ¶ (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under ¶ (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

3

## CONCLUSION

WHEREFORE it is recommended that Petitioner's application for a writ of habeas corpus be DISMISSED for lack of jurisdiction. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 25th day of September, 2013.

S/ Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE